IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D'ANGELO M. MAJORS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:16-cv-00703 |
| | ) |
| KIMBERLY LUND and | )   Judge Campbell |
| JOHN GASAWAY, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff D'Angelo Majors, an inmate in the custody of the Tennessee Department of Correction but confined at a county jail, brings this *pro se* civil rights action under 42 U.S.C. § 1983 based on a wrongful prosecution. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). As explained herein, the defendants—Assistant District Attorney General Kimberly Lund and Montgomery County Circuit Court Judge John Gasaway—are immune from suit for damages. The complaint is subject to dismissal on that basis.

### I.    Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A(a). Upon conducting this review, the Court must dismiss the complaint if it fails to state a claim upon which relief can be granted or seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In reviewing the complaint, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**II.     Factual Allegations**

The plaintiff states that he was wrongfully convicted on a defective indictment and wrongfully imprisoned based on that conviction.

He attached to his complaint documentation indicating that a 2009 conviction, for which he received a two-year prison sentence, was vacated in February 2016 as based on a void indictment. (*See* ECF No. 1, at 13 (order setting aside conviction).) The plaintiff states that 505 days of jail credits for the time served on the sentence for the void conviction were applied to consecutive prison terms to which the plaintiff had been sentenced on other convictions, resulting in a substantial reduction in the amount of time remaining on the plaintiff's other sentences. (Complaint, ECF No. 1, at 6.)

The plaintiff brings suit under 42 U.S.C. § 1983 against defendants Kimberly Lund, Assistant District Attorney General, and John Gasaway, Montgomery County Circuit Court Judge, stating only that he was "wrongfully imprisoned on a defective indictment to do state time (T.D.O.C.) on a misdemeanor charge. Court lacked jurisdiction to convict me." (ECF No. 1, at 6.) Based on the assessment by the attorney who represented him in the proceeding that resulted in setting aside the conviction, the plaintiff indicates that everyone involved in the wrongful conviction simply "failed to notice" the defect in the indictment at the time of the conviction. (*Id.* at 8, 11.)

The plaintiff seeks damages in the amount of $600,000 for mental and physical suffering, defamation of character, and loss of earnings while wrongfully imprisoned. (*Id.* at 7.)

**III.    Discussion**

The plaintiff's complaint is brought under 42 U.S.C. § 1983. Generally, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the plaintiff does not allege that any party acted maliciously or dishonestly. Instead, he shows that he was mistakenly convicted on an indictment that was void on its face as a result of the defense attorney's, judge's, and prosecutor's failure to notice the defect in the indictment until well after the conviction had become final. Negligence, even gross negligence, on the part of a state actor, does not typically give rise to a constitutional violation. *Cf. Teague v. Ky. State Police*, No. 4:13CV-16-R, 2013 WL 2404804, at *7 (W.D.

Ky. May 31, 2013) ("Nor would negligent behavior on the part of Defendant, even gross negligence, rise to the level of a constitutional violation. Such claims may be enough for a state law claim but 'do not give rise to a constitutional tort under Section 1983.'" (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994)). *See also Bullard v. Inkster Housing & Re-dev. Comm'n*, 126 F. App'x 718, 721 (6th Cir. 2005) (noting that "a showing of gross negligence" did not suffice to prove liability in a § 1983 case). Moreover, even if the plaintiff had alleged malice or intentional action on the part of the defendants, it is difficult to see how the plaintiff suffered any actual injury resulting from such behavior, since the conviction was vacated and the time served on the voided conviction was credited toward prison terms the plaintiff had already been sentenced to serve consecutively to the sentence on the voided conviction.

More importantly, however, the Supreme Court has held unequivocally that state prosecutors acting in their prosecutorial capacity and judges acting in their judicial capacity are absolutely immune from suit for money damages under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 428 (1976) (holding that prosecutors are entitled to absolute immunity from suit under § 1983, recognizing that "this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty"); *Mireles v. Waco*, 502 U.S. 11 (1991) (recognizing absolute judicial immunity from suit under § 1983 and holding that such immunity "is not overcome by allegations of bad faith or malice"). The allegations in the complaint do not suggest that either Lund or Gasaway was acting outside her or his prosecutorial or judicial capacity. Consequently, both defendants are absolutely immune from suit under § 1983, and the claims against them must be dismissed on that basis.

### IV.     Conclusion

The Court assumes that the allegations in the plaintiff's complaint are true. The complaint must nonetheless be dismissed on the basis that the defendants are absolutely immune from suit. An appropriate order is filed herewith.

*[signature: Todd Campbell]*
TODD CAMPBELL
United States District Judge